# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **INDUSTRIAL POWER SYSTEMS INC.,** | CASE NO. 3:22-cv-1703 |
| Plaintiff/Counterclaim Defendant, | |
| v. | |
| **KRAFT HEINZ FOOD CO., LLC, ET AL.** | JUDGE JACK ZOUHARY |
| Defendant/Counterclaim Plaintiff, | |
| Defendants. | |

## INDUSTRIAL POWER SYSTEMS INC.'S ANSWER TO DEFENDANT/COUNTERCLAIM PLAINTIFF KRAFT HEINZ FOOD CO., LLC'S COUNTERCLAIM

Plaintiff/Counterclaim Defendant Industrial Power Systems, Inc. ("IPS"), hereby submits its Answer in response to the Counterclaim of Defendant/Counterclaim Plaintiff Kraft Heinz Food Co., LLC, ("Kraft Heinz") and denies each and every statement, allegation, and averment set forth in the Counterclaim except and to the extent specifically admitted below:

### INTRODUCTORY STATEMENT

1. IPS denies the allegations contained in Paragraph 1 of Kraft Heinz's Counterclaim.

### THE PARTIES

2. IPS denies for want of knowledge the allegations contained in Paragraph 2 of Kraft Heinz's Counterclaim.

3. IPS denies for want of knowledge the allegations contained in Paragraph 3 of Kraft Heinz's Counterclaim.

4. IPS admits the allegations contained in Paragraph 4 of Kraft Heinz's Counterclaim.

## JURISDICTION AND VENUE

5. IPS states the allegations contained in Paragraph 5 state a legal conclusion to which a response is neither required nor appropriate. To the extent a response is deemed required, IPS admits the amount alleged to be in controversy is exceeds $75,000.00 and deny all remaining allegations.

6. IPS states the allegations contained in Paragraph 6 state a legal conclusion to which a response is neither required nor appropriate. To the extent a response is deemed required, IPS admits this Court has personal jurisdiction and denies that IPS's conduct caused injury to real property interests in Ohio. IPS denies all remaining allegations.

7. IPS states the allegations contained in Paragraph 6 state a legal conclusion to which a response is neither required nor appropriate. To the extent a response is deemed required, IPS admits that venue is proper and denies all remaining allegations.

## FACTS

### The *CSA*

8. IPS admits that it entered into a Construction Services Agreement with Kraft Heinz Food Co., LLC d/b/a Kraft Heinz Food Company as identified in the CSA. As for the remainder of the allegations contained in Paragraph 8 of Kraft Heinz's Counterclaim, IPS states that the document referenced in the Counterclaim speaks for itself and an affirmative response is not required. IPS denies all allegations in Paragraph 8 inconsistent with the express language of the document.

22753637 v1

9. IPS states that the CSA and exhibits thereto speaks for themselves and denies any allegations or characterizations inconsistent with their terms. IPS denies all remaining allegations in Paragraph 9.

10. In response to the allegations contained in Paragraph 10 of Kraft Heinz's Counterclaim, IPS states that the document referenced in Kraft Heinz's Counterclaim speaks for itself and an affirmative response is not required. IPS denies all allegations in Paragraph 10 inconsistent with the express language in the document.

11. In response to the allegations contained in Paragraph 11 of Kraft Heinz's Counterclaim, IPS states that the document referenced in Kraft Heinz's Counterclaim speaks for itself and an affirmative response is not required. IPS denies all allegations in Paragraph 11 inconsistent with the express language in the document.

12. In response to the allegations contained in Paragraph 12 of Kraft Heinz's Counterclaim, IPS states that the document referenced in Kraft Heinz's Counterclaim speaks for itself and an affirmative response is not required. IPS denies all allegations in Paragraph 12 inconsistent with the express language in the document.

### The Purchase Orders

13. In response to the allegations in Paragraph 13 of Kraft Heinz's Counterclaim, IPS answers that certain purchase orders were issued pursuant to IPS's engagement under the parties' Construction Services Agreement. Further answering, IPS states that the documents referenced in in Paragraph 13 speak for themselves and an affirmative response is not required. IPS denies all allegations in Paragraph 13 inconsistent with the express language in those documents. IPS denies all remaining allegations in Paragraph 13.

14. In response to the allegations in Paragraph 14 of Kraft Heinz's Counterclaim, IPS admits the Counterclaim contains allegation that appear to relate to Purchase Order: 4700813095, 4700813038, and 4700834722.  IPS denies all remaining allegations in Paragraph 14.

15. IPS denies the allegations contained in Paragraph 15 of Kraft Heinz's Counterclaim.

16. In response to the allegations contained in Paragraph 16 of Kraft Heinz's Counterclaim, IPS states that the document referenced in Paragraph 16 to Kraft Heinz's Counterclaim speaks for itself and an affirmative response is not required. IPS denies all allegations in Paragraph 16 inconsistent with the express language in the document.  IPS denies all remaining allegations in Paragraph 16.

### *Payments to IPS*

17. IPS denies the allegations contained in Paragraph 17 of Kraft Heinz's Counterclaim.

18. IPS denies the allegations contained in Paragraph 18 of Kraft Heinz's Counterclaim.

19. In response to the allegations contained in Paragraph 19 of Kraft Heinz's Counterclaim, IPS states that the documents referenced in Paragraph 19 to Kraft Heinz's Counterclaim speaks for themselves and an affirmative response is not required. IPS denies all allegations in Paragraph 19 inconsistent with the express language in those documents.  IPS denies all remaining allegations in Paragraph 19.

### *The Lien*

20. In response to Paragraph 20 of Kraft Heinz's Counterclaim, IPS admits that on October 12, 2022 it recorded a Mechanics' Lien on real property located at 1301 Heinz Drive,

Freemont, Ohio 43420. IPS denies the remaining allegations in Paragraph 20 of Kraft Heinz's Counterclaim.

21. IPS denies the allegations contained in Paragraph 21 of Kraft Heinz's Counterclaim, including, but not limited to, subparagraphs 21a-21e of the Counterclaim.

22. IPS denies the allegations contained in Paragraph 22 of Kraft Heinz's Counterclaim.

## COUNT I

## BREACH OF CONTRACT

23. In response to Paragraph 23 of Kraft Heinz's Counterclaim, IPS incorporates by reference its response to Paragraphs 1 through 22 of Kraft Heinz's Counterclaim as if fully set forth herein.

24. IPS states the allegations contained in Paragraph 24 state a legal conclusion to which a response is neither required nor appropriate. To the extent a response is deemed required, IPS denies the allegations contained in Paragraph 24.

25. IPS denies the allegations contained in Paragraph 25 of Kraft Heinz's Counterclaim.

26. IPS denies the allegations contained in Paragraph 26 of Kraft Heinz's Counterclaim, including, but not limited to, subparagraphs 26a-26c of the Counterclaim.

27. IPS denies the allegations contained in Paragraph 27 of Kraft Heinz's Counterclaim.

## COUNT II

## CONTRACTUAL INDEMNIFICATION

28. In response to Paragraph 28 of Kraft Heinz's Counterclaim, IPS incorporates by reference its response to Paragraphs 1 through 27 of Kraft Heinz's Counterclaim as if fully set forth herein.

29. IPS states the allegations contained in Paragraph 24 state a legal conclusion to which a response is neither required nor appropriate. To the extent a response is deemed required, IPS states that the document attached to Kraft Heinz's Counterclaim speaks for itself and an affirmative response is not required. IPS denies all allegations in Paragraph 29 inconsistent with the express language of the document. IPS denies all remaining allegations in Paragraph 29.

30. IPS denies the allegations contained in Paragraph 30 of Kraft Heinz's Counterclaim, including, but not limited to, subparagraphs 30a-30c of the Counterclaim.

31. IPS denies the allegations contained in Paragraph 31 of Kraft Heinz's Counterclaim.

32. IPS denies the allegations contained in Paragraph 32 of Kraft Heinz's Counterclaim.

## COUNT III

## DECLARATORY RELIEF

33. In response to Paragraph 33 of Kraft Heinz's Counterclaim, IPS incorporates by reference its response to Paragraphs 1 through 32 of Kraft Heinz's Counterclaim as if fully set forth herein.

34. IPS denies the allegations contained in Paragraph 34 of Kraft Heinz's Counterclaim.

22753637 v1

35. IPS denies the allegations contained in Paragraph 35 of Kraft Heinz's Counterclaim.

36. IPS denies the allegations contained in Paragraph 36 of Kraft Heinz's Counterclaim, including, but not limited to, subparagraphs 36a-36c of the Counterclaim.

37. IPS denies the allegations contained in Paragraph 37 of Kraft Heinz's Counterclaim.

38. IPS denies the allegations contained in Paragraph 38 of Kraft Heinz's Counterclaim.

## COUNT IV

## SLANDER OF TITLE

39. In response to Paragraph 39 of Kraft Heinz's Counterclaim, IPS incorporates by reference its response to Paragraphs 1 through 38 of Kraft Heinz's Counterclaim as if fully set forth herein.

40. IPS denies the allegations contained in Paragraph 40 of Kraft Heinz's Counter claim.

41. IPS denies the allegations contained in Paragraph 41 of Kraft Heinz's Counterclaim.

42. IPS denies the allegations contained in Paragraph 42 of Kraft Heinz's Counterclaim.

43. IPS denies the allegations contained in Paragraph 43 of Kraft Heinz's Counterclaim.

44. IPS denies the allegations contained in Paragraph 44 of Kraft Heinz's Counterclaim.

45. IPS denies the allegations contained in Paragraph 45 of Kraft Heinz's Counterclaim.

46. IPS denies the allegations contained in Paragraph 46 of Kraft Heinz's Counterclaim.

47. IPS denies the allegations contained in Paragraph 47 of Kraft Heinz's Counterclaim.

48. IPS denies the allegations contained in Paragraph 48 of Kraft Heinz's Counterclaim.

49. IPS denies the allegations contained in Paragraph 49 of Kraft Heinz's Counterclaim.

50. IPS denies the allegations contained in Paragraph 50 of Kraft Heinz's Counterclaim.

## COUNT V

## QUIET TITLE

51. In response to Paragraph 51 of Kraft Heinz's Counterclaim, IPS incorporates by reference its response to Paragraphs 1 through 50 of Kraft Heinz's Counterclaim as if fully set forth herein.

52. IPS denies the allegations contained in Paragraph 52 of Kraft Heinz's Counterclaim.

53. IPS denies the allegations contained in Paragraph 53 of Kraft Heinz's Counterclaim.

54. IPS denies the allegations contained in Paragraph 54 of Kraft Heinz's Counterclaim.

55. IPS denies the allegations contained in Paragraph 55 of Kraft Heinz's Counterclaim.

## GENERAL DENIAL

56. IPS denies each and every allegation not specifically admitted herein.

## ANSWER TO PRAYER FOR RELIEF

56. IPS denies that Kraft Heinz is entitled to the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES TO KRAFT HEINZ'S COUNTERCLAIM

IPS asserts the following affirmative defenses. By asserting these defenses, IPS does not assume the burden of proof with respect to any issue as to which applicable law does not place the burden on IPS.

1. Kraft Heinz failed to state a claim upon which relief can be granted.

2. Kraft Heinz's right to recovery is barred, in whole or in part, by its own improper conduct or "unclean hands."

3. To the extent Kraft Heinz sustained damages alleged in the Counterclaim, Kraft Heinz's recovery may be barred and/or limited by its failure to mitigate any damages allegedly sustained.

4. Kraft Heinz's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and other pertinent equitable principles.

5. Kraft Heinz's alleged damages, if any, were the direct and proximate result of Kraft Heinz's own acts and/or omissions. Therefore, Kraft Heinz is estopped and barred from recovery of any damages.

22753637 v1

6. Kraft Heinz's alleged damages, if any, were the direct and proximate result of intervening and superseding acts or omissions of persons over whom IPS had neither control nor a duty to control.

7. Kraft Heinz's claims are barred, in whole or in part, by the doctrine of release.

8. Kraft Heinz's claim is barred, in whole or in part, due to its material breaches of the contract.

9. Kraft Heinz's claims are barred, in whole or in part, by the express terms of the contract.

10. Kraft Heinz's claims are barred, in whole or in part, by the doctrines of setoff, recoupment and offset.

11. Kraft Heinz's claims are barred in whole or in part because Kraft Heinz would be unjustly enriched if permitted to obtain the recovery it seeks.

12. IPS reserves the right to raise additional affirmative defenses as the same may become known during the course of discovery of the within action.

WHEREFORE, IPS prays for the following judgment and relief: (1) that this Court enter judgment with prejudice in IPS's favor and against Kraft Heinz; (2) that Kraft Heinz's Counterclaim and each and every specific request for relief made by Kraft Heinz in its Counterclaim be dismissed with prejudice; (3) that Kraft Heinz's request for damages, attorneys' fees, costs and expenses of litigation be specifically denied; (4) such other and further legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Justin M. Lovdahl*
THOMAS O. CRIST (0064454)
JONATHON KORINKO (0088407)
JUSTIN M. LOVDAHL (0096958)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
T: 216-363-4500; F: 216-363-4588
Email: tcrist@beneschlaw.com
       jkorinko@beneschlaw.com
       jlovdahl@beneschlaw.com

*Counsel for Plaintiff/Counterclaim Defendant Industrial Power Systems Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties in this case by operation of the Court's CM/ECF system. Parties may access this filing through the Court's system.

/s/ *Justin M. Lovdahl*

*Counsel for Plaintiff/Counterclaim Defendant  Industrial Power Systems Inc.-*

22753637 v1